IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| WILLIAM E. SHEARRIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:11cv742–HEH |
| ) | |
| NEWPORT NEWS, VIRGINIA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION
(Denying Successive 28 U.S.C. § 2254 Petition)

Petitioner, William E. Shearrin, a Virginia prisoner proceeding *pro se*, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions for felony rape in the Circuit Court for the City of Newport News, Virginia. On November 8, 2011, by Memorandum Opinion and Order, the Court denied Shearrin's prior § 2254 petition challenging the same convictions. *Shearrin v. Hampton Roads Reg'l Jail*, No. 3:11CV138–HEH, 2011 WL 5403243, at *3 (E.D. Va. Nov. 8, 2011).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Shearrin has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition challenging his probation revocation, this Court lacks jurisdiction to entertain the present § 2254 petition. Accordingly, the § 2254 Petition will be dismissed for lack of jurisdiction. Shearrin's motion for leave to proceed *in forma pauperis* will be denied as moot and the action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Shearrin is entitled to further consideration in this matter. A certificate of appealability will be denied.

An appropriate Order shall issue.

                                                          /s/
                                    HENRY E. HUDSON
Date: Jan 26, 2012        UNITED STATES DISTRICT JUDGE
Richmond, Virginia